IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDDIE ROSS, JR., #80002,** ) | |
| **SCOTT MOORE, #76466, and** ) | |
| **CHRISTOPHER WILSON, #44084,** ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 11-cv-524-JPG |
| ) | |
| vs. ) | |
| ) | |
| **CAPTAIN BUNT, and** ) | |
| **SHERIFF HERTZ,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiffs Freddie Ross, Jr., Scott Moore and Christopher Wilson, detainees in Madison County jail, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

Plaintiffs' complaint names Captain Bunt, a sheriff employed at Madison County Jail, and Robert Hertz, the Sheriff of Madison County, as defendants. Plaintiffs iterate several general conditions at Madison County Jail that they assert are constitutional violations. These include, as listed by Plaintiffs: food quality and control, quartermaster protocol, cell conditions - inadequate drinking water, cell conditions - insufficient cleaning supplies, recreation and leisure time, cell condition - cold indoor temperatures. Plaintiff Ross submitted complaints to the Illinois Department of Corrections ('IDOC") concerning these issues on April 15, 2011. An IDOC specialist visited Madison County jail within ten days and responded to Plaintiff Ross's

particular complaints by written response on May 20, 2011.   Plaintiffs claim that complaints to IDOC were improperly denied due to lack of investigation.

Plaintiffs request as relief that IDOC and Madison County jail discontinue unconstitutional practices and establish new policies for third party investigations of IDOC as well as correct all issues dealing with Plaintiffs' constitutional rights.

### Discussion

Plaintiffs fail to state a claim upon which relief may be granted on several grounds.  As a threshold issue, each Plaintiff has failed to establish standing for their constitutional claim. *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in §1983 action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).  Plaintiffs' complaint is merely a list of general conditions of imprisonment which they believe apply to all inmates at Madison County Jail and which they assert are in violation of the constitutional rights of all inmates at the facility.  Article III of the Constitution restricts federal courts from adjudicating matters that do not present actual cases or controversies.  *See Allen v. Wright*, 468 U.S. 737, 750 (1984).  Central to the case or controversy requirement is the doctrine of standing which requires that a plaintiff show the following.  First, a plaintiff must demonstrate a concrete and particularized "injury-in-fact" that is actual or imminent, not merely conjectural or hypothetical.  Second, a plaintiff must show a causal connection between the injury and the conduct complained of.  Third, a plaintiff must show a likelihood that the injury will be redressed by a decision in his or her favor.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

The plaintiffs, for example, make general allegations that detainees are being denied

access to recreational areas to perform strenuous exercise and that day rooms are sometimes used to house detainees and are thus unavailable for use as exercise areas. The complaint, however, is devoid of specific allegations as to how any of the Plaintiffs may have been affected by these practices. Thus, the Court cannot evaluate whether the conditions may have violated any Plaintiff's constitutional rights. *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2000).

In addition to failing to show any particular injury, Plaintiffs fail to assert any facts showing that Captain Bunt is responsible for any violations of their constitutional rights. The only assertions Plaintiffs make with respect to Captain Bunt is that he "deliberately denied" to IDOC investigators that any violations were occurring and that IDOC investigators relied on Bunt's denials rather than conduct a thorough investigation into the complaints brought by Plaintiff Ross. Plaintiffs do not agree with IDOC's response to his complaints. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).

Finally, Plaintiffs name Sheriff Hertz as a Defendant in the caption of their complaint but fail to mention this Defendant elsewhere in their pleadings or assert any claims related to him. As with Defendant Bunt, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Therefore, Plaintiffs have failed to state any claim upon which relief may be granted and this case shall be dismissed without prejudice.

### Pending Motions

Because this action shall be dismissed, the pending motion (Doc. 21) is **DENIED AS MOOT.**

### Disposition

**IT IS HEREBY ORDERED** that Plaintiffs **ROSS**, **MOORE** and **WILSON's** complaint fails to state a claim upon which relief may be granted, and this case is **DISMISSED** without prejudice as to both Defendants.

Plaintiffs are each advised that this dismissal shall count as one of their respective allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).

Each Plaintiff's obligation to pay their individual filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: February 27, 2012**

                *s/J. Phil Gilbert*
                **United States District Judge**